### COUNTY OF ADAMS v. ADNA H. BOWEN.

FILED JUNE 18, 1903.    No. 12,823.

Allowance to Clerk of County Court. Under the authority of chapter 34 of the laws of 1897, the county board may, in the exercise of good faith, make a supplemental allowance of compensation for the services of the clerk of the county court after the services have been rendered.

ERROR to the district court for Adams county: ED L. ADAMS, DISTRICT JUDGE. *Affirmed.*

*Addison S. Tibbets, George W. Tibbets* and *C. F. Morey,* for plaintiff in error.

*John M. Ragan, contra.*

AMES, C.

During the year 1901 the defendant in error was county judge of Adams county. In January of that year the county board made an order granting him the sum of $600 as compensation for clerk hire for the then ensuing year, provided the fees of his office during that time should be sufficient for the payment of the same. The fees and emoluments of the office for the time mentioned exceeded the salary of the county judge by more than $1,100. The allowance was made and a clerk of the court was duly appointed and qualified under the authority of chapter 34 of the laws of 1897. The only provision of the statute with reference to the payment of the clerk of the county court is section 4 thereof, as follows:

"The compensation of the clerk of the county court shall be fixed by the board of county commissioners."

The clerk served throughout the year and on the 13th of January, 1902, the board made an additional allowance for such service in the sum of $125. An appeal from this latter allowance was taken to the district court, where it was affirmed, and from the judgment of affirmance error is prosecuted to this court. The only question is whether the county board had power or jurisdiction to make the allowance. We do not doubt that it had. Neither the time, manner, nor amount of compensation to be allowed to the clerk is fixed by the statute, but the whole matter is left to the discretion of the county board. Doubtless this discretion is impliedly limited to the exercise of good faith, but there is no suspicion of its absence in this instance. It is apparent from the record that both the labor and emolu-

ments of the office of county judge increased, during the period in question, beyond the expectations of the board. A contingency may readily be imagined in which the service required would not have been obtainable for the compensation at first allowed, in which case its increase by supplemental allowance would have been unavoidable. There is nothing in the statute requiring that the allowance shall be made in advance of the rendition of the service, nor is there any evident public policy requiring that it should be so made.

. It is recommended that the judgment of the district court be affirmed.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.